## Emaline Gilliland v. Henry Mohlenhoff, C. P. Nichols and Ed. McIntyre.

1. BURDEN OF PROOF—*In Suits for Negligence.*—In an action to recover damages for negligence in the construction of a bridge, the burden of proof is upon the plaintiff to show that the defendants were guilty of negligence and that he has been injured thereby.

Action for Negligence, in the construction of a bridge upon a public highway. Appeal from the City Court of the city of Mattoon; the Hon. JAMES F. HUGHES, Judge, presiding. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

JAMES W. & EDWARD C. CRAIG, attorneys for appellant.

ANDREWS & VAUSE, attorneys for appellees.

OPINION PER CURIAM.

Appellant sued appellees in an action on the case, by which she charged them with negligence in the construction of a bridge upon a public highway, and causing excavations of the banks of the creek over which the bridge was built, and thereby caused the waters of the creek to flow upon appellant's lands, greatly to her damage and injury. A trial by jury resulting in a verdict and judgment against appellant's contention, she has appealed to this court, assigning various errors to effect a reversal of such judgment.

Appellees were commissioners of highways in the town where the bridge in question was located, and the building of it was in the line of their duty as public officers and a public necessity; but if in the construction of such bridge and the excavations incidental thereto they failed to exercise proper care, and by reason of this appellant was injured, she would be entitled to recover the damages thereby imposed upon her property. The burden of proof was upon her to show that appellees were guilty of negligence and that she was injured thereby.

Upon an examination of the evidence contained in the

record we feel compelled to find that appellees are not guilty of the negligence with which they are charged, nor did they fail in respect of proper care in regard to the rights of the appellant; neither do we believe the injuries she attributed to the acts of appellees resulted from such cause, but were the natural effects of the elements. We are of the opinion no other verdict than the one induced would have properly responded to the evidence, and while some of the instructions to which objections have been made could not be maintained as accurate statements of the law applicable to the case under a different state of the evidence, yet, in the view we have already expressed concerning the case, such instructions produced no harmful effect.

Finding no reversible error the judgment will be affirmed.